MAURER ET AL., APPELLANTS, *v.* BECKER ET AL., APPELLEES.

[Cite as Maurer v. Becker (1971), 26 Ohio St. 2d 254.]

(No. 69-817—Decided June 23, 1971.)

*Messrs. Garmhausen, Kerrigan & Elsass, Mr. Thomas W. Kerrigan* and *Mr. Eugene P. Elsass,* for appellants.
*Messrs. McCullouch, Felger, Fite & Gutmann, Mr. Robert P. Fite* and *Mr. Paul P. Gutmann,* for appellees.

LEACH, J. Appellants concede that if Kenneth Lee Hemmert was an heir of Mrs. Hemmert at the time of her death in 1966 their will contest action was properly dismissed. They assert as a proposition of law that an adopted child, who is permanently surrendered to a social agency in accordance with R. C. 5103.15, thereafter has no right of inheritance from the surrendering parents.

R. C. 5103.15[1] authorizes the parents of a child to

---

[1]R. C. 5103.15:

"The parents, guardian, or other persons having the custody of a child, may enter into an agreement with any association or institution of this state established for the purposes of aiding, caring for, or placing children in homes, which has been approved and certified by the division of social administration, whereby such child is placed in the temporary custody of such institution or association; or such parent, guardian, or other person may make an agreement surrendering such child into the permanent custody of such association or institution, to be taken and cared for by such association or institution, or placed in a family home.

"Such agreements, provided for in this section, shall be in writing, on forms prescribed and furnished by the division, and may contain any proper and legal stipulations for proper care of the child, and may authorize the association or institution when such agreements are for permanent care and custody to appear in any proceeding, for the legal adoption of such child, and consent to its adoption, as provided in Section 3107.06 of the Revised Code. The adoption order of the

enter into an agreement with certain accredited associations or institutions whereby the parents relinquish their rights to custody and support of such child and agree that the institution alone has the power to consent to the adoption of the child under R. C. 3107.06.[2]

R. C. 5103.15 makes no distinction between natural children of the surrendering parents and adopted children. Thus, it must follow that if the permanent surrender by the parents of "care and custody" of the child, when coupled with authorization to the institution to consent to the legal adoption of the child, would have the legal effect of disinheriting an adopted child, such effect would also result in disinheriting a natural child.

We find nothing in the Ohio statutes which would compel, or even authorize, such a conclusion. The statutes clearly distinguish between "care and custody," whether temporary or permanent, and the rights of inheritance.

The rights of inheritance to, through and from a legally adopted child are vested by R. C. 3107.13.[3] The en-

---

judge made upon such consent shall be binding upon the child and its parents, guardian, or other person, as if such persons were personally in court and consented thereto, whether made party to the proceeding or not."

[2]R. C. 3107.06 reads in part:

"No final decree or interlocutory order of adoption shall be entered by the Probate Court unless there is filed with the court written consents to the adoption, verified or acknowledged by the following:

"* * *

"(B) By each of the living parents, adult or minor, except as follows:

"* * *

"(2) The consent of a parent shall not be required if the child is in the permanent custody of the department of public welfare, a county welfare department, a county children services board, a certified organization, or a person or persons to whom permanent custody of the child has been given by a committing court having jurisdiction over said child. * * *"

[3]R. C. 3107.13 reads, in part:

"For the purpose of inheritance to, through, and from a legally adopted child, such child shall be treated the same as if he were the natural child of his adopting parents, and shall cease to be treated as the child of his natural parents for the purposes of intestate succes-

tire legislative scheme requires *judicial* action before the basic rights of *inheritance* otherwise in force, are altered. This is true, even as to the "designation" of a person "to stand toward him in the relation of an heir at law in the event of his death" and as to the vacation or change in such "designation of heir," the approval of the Probate Court being required in either event. R. C. 2105.15.

Kenneth Lee Thompson did not cease to be an heir of his natural parents when he was surrendered by them to the Catholic Charities prior to 1945. He did not become an heir of the Hemmerts when they took custody of him in 1945. He did, however, become an heir of the Hemmerts when he was legally adopted by them in accordance with the provisions of R. C. Chapter 3107, in 1946.

Pursuant to R. C. 3107.07, providing that "In proceedings for the adoption of a child previously adopted, the written consent of the preceding adopting parents shall be required in the same manner and extent as if they were natural parents," the status of the Hemmerts in authorizing the Catholic Charities to appear in any legal proceeding for the adoption of Kenneth and consent to his adoption, in accordance with R. C. 5103.15, was exactly the same as if they had been the natural parents of Kenneth. Had Kenneth again been legally adopted by others, he then, in accordance with the provisions of R. C. 3107.13, would have ceased to be an heir of the Hemmerts and would have become an heir of his new adopting parents. However, this never took place, and since the order of adoption by the Hemmerts was never modified or vacated by the Probate Court, he remained an heir of the Hemmerts by operation of law.

We conclude that a child surrendered by its parents into the permanent custody of an institution established for the purpose of aiding, caring for and placing children in

sion, except where one of the natural parents of such child has died and his living parent remarries and such child is adopted by such stepfather or stepmother, in which case his right of inheritance from or through his natural parent or other natural kin shall not be affected by his adoption."

homes, under a written agreement pursuant to R. C. 5103.15, which agreement provides that the institution may appear in any legal proceeding for the adoption of such child and consent to the child's adoption, continues as an heir of such parents, either natural or adoptive, until such time as the child has been legally adopted pursuant to the provisions of R. C. Chapter 3107.

For the foregoing reasons the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., DUNCAN, CORRIGAN and STERN, JJ., concur.

SCHNEIDER and HERBERT, JJ., dissent.

SCHNEIDER, J., dissenting. I cannot assent to a rule which holds that a child can be disinherited as to responsibility but not as to intestacy.