OPINION
Defendants-appellants Melvin Henry Pledgure, Sr., and Jerzelle Pledgure appeal the January 7, 2000 Judgment Entry of the Stark County Court of Common Pleas, Probate Division which denied their motion for summary judgment and granted defendants-appellees, DeShawna Pledgure and Asia Pledgure's, motion for summary judgment. The Administratrix for the Estate of Cheryl Pledgure, Lora L. Goutras, is also named as a plaintiff-appellee herein.
 STATEMENT OF THE CASE AND FACTS
On August 16, 1999, Lora Goutras, Administratrix for the Estate of Cheryl Pledgure, deceased, filed a complaint in the Probate Court of Stark County in order to determine heirship pursuant to R.C.2123.02. The Administratrix sought a determination of heirship because the Department of Human Services had been awarded permanent custody of the decedent's two minor children, DeShawna Pledgure and Asia Pledgure. The decedent lost custody of her children after an automobile accident left her mentally and physically disabled. Ms. Pledgure appealed the grant of permanent custody to this court, but died while the appeal was pending. A lawsuit arising out of the automobile accident was settled, leaving a substantial sum of money with the estate. Appellants and appellees filed cross-motions for summary judgment. Appellants, decedent's parents, urged the trial court to find DeShawna and Asia were not heirs to the decedent's estate because their inheritance rights terminated on the grant of permanent custody. Appellees' motion for summary judgment maintained rights of inheritance of children remain with the children until formal legal adoption. The administratrix also filed a response to both cross-motions for summary judgment arguing rights to inheritance of the children terminated with the award of permanent custody. The trial court heard oral arguments on the issue on December 20, 1999. In a December 27, 1999 Judgment Entry, the trial court granted appellees' motion for summary judgment and denied appellants' cross-motion for summary judgment. In a January 7, 2000 Judgment Entry, the trial court decreed DeShawna Pledgure and Asia Pledgure to be heirs to their mother's estate. It is from that judgment entry appellants prosecute this appeal assigning as error:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANTS DeSHAWNA AND ASIA PLEDGURE'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS MELVIN HENRY PLEDGURE'S AND JERZELLE PLEDGURE'S MOTION FOR SUMMARY JUDGMENT.
This case comes to us on the accelerated calender. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
 (E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I.
In their sole assignment of error, appellants maintain the trial court erred in finding DeShawna and Asia were heirs to decedent's estate. We disagree. The Ohio Supreme Court addressed a similar issue in Maurer v. Becker (1971), 26 Ohio St.2d 254. In Maurer, a child was adopted. Unfortunately, the adoptive parents determined they could not raise the child and returned the child to Catholic Charities, the adoption agency. The adoptive parents executed a formal document giving Catholic Charities permanent custody and the exclusive right to consent to the adoption of the boy by new adoptive parents. The child was never readopted. Subsequently, the adoptive parents died. The issue before the probate court was whether a child, once formally adopted, remained a legal heir after the adoptive parents relinquished their parental rights and returned the child to an adoption agency under a written agreement giving the agency permanent custody. The court held the child could inherit from his adoptive parents because the child had not been readopted prior to the death of his first adoptive parents. In so holding, the court reasoned "the child did not cease to be an heir of his natural parents when he was surrendered by them to the Catholic Charities. And he did not become an heir of the adoptive parents when they took custody. It was only after the adoption that the child became an heir in accordance with the provisions of R.C. 3107."
(emphasis added) Id. at 255.
We agree the permanent custody order terminated the mother's rights, responsibilities, and obligations. However, we find the termination of parental rights does not divest the children of rights to inheritance from their mother until such time as the children have been legally adopted. For this reason, appellant's sole assignment of error is overruled.
The January 7, 2000 Judgment Entry of the Stark County Court of Common Pleas, Probate Division, is affirmed.
 ____________________________ HOFFMAN, P.J.
GWIN, P.J. and FARMER, J. concur.